NOLAN BROTHERS OF TEXAS, INC v CITY OF ROYAL OAK

Docket No. 179387. Submitted May 14, 1996, at Lansing. Decided November 1, 1996, at 9:05 A.M.

Nolan Brothers of Texas, Inc., brought an action in the Oakland Circuit Court against the City of Royal Oak, seeking to have the defendant's zoning ordinance declared unconstitutional with respect to a parcel that the plaintiff had contracted to purchase from the Michigan Department of Transportation (MDOT) and further seeking to have the defendant enjoined from interfering with the plaintiff's development of the land. The MDOT acquired the subject parcel by condemnation in 1984 as part of the expansion of I-696, at which time the parcel was zoned industrial. In 1991, the defendant rezoned the parcel from industrial to multiple-family residential. In 1993, after the parcel had been declared to be unneeded for highway purposes, the plaintiff entered into a contract with the MDOT to purchase the subject parcel, the purchase being conditioned on the plaintiff's obtaining the zoning necessary so that it could develop upon the parcel a miniwarehouse business. The plaintiff argued that the defendant lacked authority to enforce the new residential zoning against the MDOT and, accordingly, could not impose the new zoning classification on or enforce that classification against it as the successor to the MDOT's interests in the parcel. The court, David F. Breck, J., granted partial summary disposition for the plaintiff on the basis of *State Hwy Comm'r v Redford Twp*, 4 Mich App 223 (1966), and denied the defendant's motion for partial summary disposition. The defendant appealed by leave granted.

· The Court of Appeals *held*:

Although the state and specific state agencies are entitled to immunity with respect to local zoning ordinances, the statutory scheme relating to the MDOT evidences no clear legislative intent that the MDOT should be allowed to circumvent or nullify local zoning ordinances when it attempts to sell land to private parties. Once land no longer belongs to the MDOT, any zoning changes adopted during the time of the MDOT's ownership become applicable to a private party purchasing the land from the MDOT. *State Hwy Comm'r v Redford Twp, supra*, was wrongly decided, and the trial court erred in granting partial summary disposition for the defendant on the basis of that case.

Reversed.

ZONING — MICHIGAN DEPARTMENT OF TRANSPORTATION — PRIVATE PURCHASERS.

    The state and specific state agencies are entitled to immunity with respect to local zoning ordinances; however, there is no evidence of a clear legislative intent that the Michigan Department of Transportation should be allowed to circumvent or nullify local zoning ordinances when it attempts to sell land to private parties; once land no longer belongs to the department, any zoning changes adopted during the time of the department's ownership become applicable to a private party purchasing the land from the department.

*Hyman and Lippitt, P.C.* (by *H. Joel Newman* and *Roger L. Myers*), for the plaintiff.

*Johnson, Rosati, Galica, Shifman, LaBarge, Aseltyne, Sugameli & Field, P.C.* (by *Carol A. Rosati*), and *Charles Semchena, Jr.*, for the defendant.

Amicus Curiae:

*Kohl, Secrest, Wardle, Lynch, Clark and Hampton* (by *Gerald A. Fisher* and *William P. Hampton*), for Michigan Municipal League.

Before: HOEKSTRA, P.J., and MICHAEL J. KELLY and J. M. GRAVES, JR.,* JJ.

HOEKSTRA, P.J. Defendant, City of Royal Oak, appeals by leave granted from an order of the Oakland Circuit Court denying its motion for reconsideration of an earlier order granting partial summary disposition for plaintiff and denying defendant's motion for partial summary disposition in this zoning action. We reverse.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The property at issue is located in the City of Royal Oak and is currently owned by the Michigan Department of Transportation (MDOT). Plaintiff has an option to purchase the property, which the MDOT obtained in 1984 following condemnation proceedings relating to the expansion of I-696. At that time, the property was zoned industrial. The property was authorized for sale in 1987, after it was determined to be excess right of way. In 1991, defendant rezoned the property from industrial to multiple-family residential in accordance with the amended General Development Plan (Master Plan) for the city. In 1993, plaintiff executed an application to purchase and agreement of sale with the MDOT for the subject property with the intention of constructing a miniwarehouse, which was not a permissible use under the then current zoning. Plaintiff sought rezoning of the property in 1993 and 1994, but was denied each time. A request for a use variance was likewise denied. Plaintiff then filed the instant action, alleging that defendant lacked jurisdiction to rezone the property and that defendant's actions constituted an unconstitutional taking. Plaintiff sought to have the zoning ordinance declared invalid and defendant enjoined from interfering with plaintiff's development of the land. The trial court, relying on *State Hwy Comm'r v Redford Twp*, 4 Mich App 223; 144 NW2d 690 (1966), eventually granted partial summary disposition for plaintiff. This Court then granted defendant's motion for leave to appeal.

Defendant raises three issues on appeal, one of which we find dispositive. Defendant first argues that the trial court erred in determining that defendant lacked the authority to rezone the land owned by the MDOT and optioned for purchase by plaintiff. We agree.

Municipalities in Michigan, lacking inherent power to zone, derive their authority to zone from the zoning enabling act, MCL 125.581 *et seq.*; MSA 5.2931 *et seq.*, § 1 of which provides, in pertinent part:

(1) The legislative body of a city or village may regulate and restrict the use of land and structures; to meet the needs of the state's residents for food, fiber, energy and other natural resources, places of residence, recreation, industry, trade, service, . . . and for those purposes may divide a city or village into districts of the number, shape, and area considered best suited to carry out this section. . . .

(2) The land development regulations and districts authorized by this act shall be made in accordance with a plan designed to promote and accomplish the objectives of this act. [MCL 125.581; MSA 5.2931.]

Section 6 of the Municipal Planning Act, MCL 125.36; MSA 5.2996, further states that this master plan shall encompass public as well as private land:

The commission shall make and adopt a master plan for the physical development of the municipality, including any areas outside of its boundaries which, in the commission's judgment, bear relation to the planning of the municipality. The plan, with the accompanying maps, plats, charts, and descriptive matter shall show the commission's recommendations for the development of the territory, including, among other things, the general location, character, and extent of streets, viaducts, subways, bridges, waterways, flood plains, water fronts, boulevards, parkways, playgrounds and open spaces, the general location of public buildings and other public property, and the general location and extent of public utilities and terminals, whether publicly or privately owned or operated, for water, light, sanitation, transportation, communication, power, and other purposes . . . .

The foregoing provisions should be liberally construed in light of Const 1963, art 7, § 34, which provides:

> The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution.

Defendant concedes that, in certain circumstances, the state and specific state agencies are entitled to immunity with respect to local zoning ordinances because the Legislature has specifically vested them with preemptive powers vis-à-vis a local ordinance and that, in those situations, the state agencies will prevail. See, e.g., *Dearden v Detroit*, 403 Mich 257, 264; 269 NW2d 139 (1978); *Detroit Edison Co v Richmond Twp*, 150 Mich App 40; 388 NW2d 296 (1986); *Brandon Twp v North-Oakland Residential Services, Inc*, 110 Mich App 300; 312 NW2d 238 (1981). The issue for us to determine is whether the Legislature has vested the MDOT with zoning preemption rights that extend to private parties to whom land is later sold.

The trial court relied on *Redford Twp, supra*, in finding that the rezoning at issue was not enforceable against the MDOT or plaintiff. In *Redford Twp*, this Court concluded that a zoning ordinance, which the plaintiff conceded was not enforceable against the state, was also not a valid restriction on a subsequent purchaser because the validity of a prohibition did not rest on future events. While we can understand why the trial court in the instant case was compelled to reach the decision it did, we believe that decision

to be incorrect and *Redford Twp* to be wrongly decided.

In *Detroit v Volunteers of America,* 169 Mich App 465; 426 NW2d 743 (1988), this Court addressed a zoning question involving the City of Detroit, the Department of Corrections (DOC), and the defendant, who had contracted with the DOC to run a half-way house. The facility at issue violated several city building and zoning ordinances. In analyzing the situation, this Court noted that the DOC did not lease the subject property and that the contract between the DOC and the defendant required the defendant to comply with local rules and ordinances. Because this Court found the DOC's participation to be "greatly attenuated," it concluded that the defendant was not entitled to disregard applicable local zoning ordinances.

In the instant case, we also find plaintiff's relationship to a state agency to be "too attentuated" to affect defendant's ability to rezone the parcel at issue. Here, we find no evidence of a clear legislative intent that would give plaintiff preemptive power over the zoning ordinances of defendant. There is no indication, either express or implied, in the statutes pertaining to the MDOT that the MDOT should be allowed to circumvent or nullify local zoning ordinances when it attempts to sell land to private parties. Once land no longer belongs to the MDOT, we believe that any zoning changes enacted during the time of the MDOT's ownership become applicable against private purchasers.[1] To hold otherwise would allow private purchasers to circumvent the legislatively created zoning

---

[1] The MDOT is not a party to this appeal, and we need not determine whether the MDOT itself is entitled to preemption. For purposes of this opinion, we have assumed that the MDOT is entitled to preemption and

scheme and conduct activities deemed by the municipality to be inconsistent with the public health, safety, morals, or general welfare. Therefore, absent evidence of legislative intent favoring preemption of zoning classifications applied to parcels owned by the MDOT and later sold to private parties, we believe that the trial court erred in granting partial summary disposition for the plaintiff.

Given our ruling with respect to defendant's first issue, we need not address defendant's remaining claims of error.

Reversed.

---

have considered only the rights of private parties who purchase land from the MDOT.