ADDISON TOWNSHIP v DEPARTMENT OF STATE POLICE (ON
REMAND)

Docket Nos. 196587, 196588. Submitted October 15, 1996, at Detroit.
Decided December 20, 1996, at 9:25 A.M. Leave to appeal sought.

Addison Township brought an action in the Oakland Circuit Court
against the Department of State Police, seeking an injunction
prohibiting Motorola Communications and Electronics, Inc., from
constructing a state police radio tower in the township on land
owned by the State of Michigan. The township alleged that the
tower would violate a restriction set by a township zoning ordi-
nance and would be a nuisance per se. The state police answered
and counterclaimed for an injunction preventing the township's
interference with the construction of the tower and for a declara-
tion that the state police is not subject to the township zoning ordi-
nance. Motorola intervened as a defendant, and the court, Alice L.
Gilbert, J., issued a preliminary injunction against the state police
and Motorola. The state police and Motorola were denied leave to
appeal in the Court of Appeals. The Supreme Court, in lieu of
granting leave, remanded the case to the Court of Appeals for con-
sideration as on leave granted. 452 Mich 870 (1996).

On remand, the Court of Appeals *held*:

The circuit court did not abuse its discretion in issuing the pre-
liminary injunction.

1. The township established that it is likely to succeed on the
merits. No statute grants the state police immunity or exemption
from the township's authority to regulate land use pursuant to the
Township Rural Zoning Act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et
seq.* Authority granted to the director of the state police by the
state police act, MCL 28.1 *et seq.*; MSA 4.431 *et seq.*, to establish
and maintain local headquarters for the state police does not
encompass the tower at issue. Various appropriations acts by the
Legislature relating to the communications system for the state
police indicate no legislative intent to provide the state police with
immunity from township zoning ordinances. Section 271 of the
Management and Budget Act, MCL 18.1271; MSA 3.516(271), in pro-
viding that the Department of Management and Budget shall estab-
lish telecommunications systems for the operations of state govern-

ment, indicates no legislative intent to grant the state police immunity from local zoning ordinances with respect to the tower at issue.

2. The use of land in violation of a local ordinance is a nuisance per se, MCL 125.294; MSA 5.2963(24), and a plaintiff need not show irreparable harm resulting from the maintenance of a nuisance when seeking an injunction against the nuisance.

3. Harm to the township in the absence of an injunction outweighs harm to the state police if an injunction is granted. The state police can still construct a tower and not violate the township zoning ordinance by choosing an alternative site in the township.

4. Harm to the public will not result from the issuance of the injunction.

Affirmed.

INJUNCTIONS — PRELIMINARY INJUNCTIONS.

Whether a preliminary injunction should issue is determined under a four-part analysis: harm to the public interest if an injunction issues; whether the harm to the applicant in the absence of a stay outweighs the harm to the opposing party if a stay is granted; the strength of the applicant's demonstration that the applicant is likely to prevail on the merits; and a demonstration that the applicant will suffer irreparable injury if a preliminary injunction is not granted.

*L. Nicholas Treinen,* for Addison Township.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary L. Hicks,* Assistant Attorney General, for the Department of State Police.

*Honigman Miller Schwartz and Cohn* (by *William C. Whitbeck, Timothy Sawyer Knowlton,* and *John D. Pirich*), for Motorola Communications and Electronics, Inc.

ON REMAND

Before: JANSEN, P.J., and REILLY and E. SOSNICK,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

JANSEN, P.J. These consolidated appeals are on remand from the Supreme Court for consideration as on leave granted. 452 Mich 870 (1996). Defendant Department of State Police and intervening defendant Motorola Communications and Electronics, Inc., appeal from a June 18, 1996, order of the Oakland Circuit Court issuing a preliminary injunction enjoining them from further construction of a state police communications tower on state-owned land located in the Township of Addison. We affirm.

In December of 1995, the State of Michigan purchased a parcel of land in Addison that was zoned SF-Suburban Farms. The property was purchased as a site for one of approximately 180 radio communications towers that make up the new statewide communications system for the state police. The tower at issue would have a triangular base of fifty-four feet and be approximately 485 feet high. The SF-district zoning does not permit this type of structure because land use is restricted to a single-family residential dwelling. Communications towers are permitted in areas of the township zoned M-1 Light Industrial.

The statewide communications system was approved by the Legislature in the 1990 capital outlay appropriations act, 1990 PA 253. Nearly $3 million was appropriated for completion of this network. See 1995 PA 128. The State of Michigan entered into a contract with Motorola to construct and install the communications towers. The state police purchased the property in Addison on December 15, 1995, for $57,000. On February 20, 1996, Jeff Steffel, commanding officer of the state police communications division, notified Robert Koski, the township supervisor, of the acquisition of the land by the state police and

its intent to begin construction. Steffel's letter also stated that "existing state law does not require this state communication system to comply with local zoning codes and building ordinances."

On June 3, 1996, a subcontractor of Motorola began to dig the foundation for the tower. At that time, a township employee arrived with law enforcement officers, notified the workers that construction was in violation of a township ordinance, and stated that the workers would be arrested if work was not ceased by noon. The following day, the township filed a suit seeking to enjoin the state police from proceeding with the construction and to have the building of the tower declared a violation of the township ordinance, a nuisance per se, and a hazardous condition. The state police filed an answer and a counterclaim in which it sought to enjoin the township from interfering with construction of the tower and a declaration that the authority of the state police to place and construct the tower was not subject to the township's ordinance.

A hearing was conducted on June 7, 1996. Although alternative sites were available and had been considered by the state, the present parcel was chosen ostensibly for economic reasons. On June 18, 1996, the trial court issued its opinion and order granting the township's request for a preliminary injunction. The Department of State Police was enjoined from proceeding with the construction of the tower because it constituted a violation of the township's ordinance.

Both the state police and Motorola advance similar arguments on appeal. They contend that the trial court abused its discretion in issuing the preliminary

injunction because the four-part test set forth in *Michigan State Employees Ass'n v Dep't of Mental Health*, 421 Mich 152; 365 NW2d 93 (1984), was not met by plaintiff. They essentially argue that the state police is not subject to the township's zoning ordinance. The trial court ruled that the township had demonstrated that it was likely to succeed on the merits, that failure to grant the injunction would result in irreparable harm to the township, that the harm to the township outweighed the harm to the state police, and that imposition of the injunction would not result in harm to the public.

The grant or denial of an injunction is reviewed for an abuse of discretion. *Senior Accountants, Analysts & Appraisers Ass'n v Detroit*, 218 Mich 263, 269; 553 NW2d 679 (1996). Whether a preliminary injunction should issue is determined under a four-part analysis: (1) harm to the public interest if an injunction issues; (2) whether the harm to the applicant in the absence of a stay outweighs the harm to the opposing party if a stay is granted; (3) the strength of the applicant's demonstration that the applicant is likely to prevail on the merits; and (4) a demonstration that the applicant will suffer irreparable injury if a preliminary injunction is not granted. *Michigan State Employees Ass'n, supra*, pp 157-158. Whether an injunction should issue will often also include consideration of whether an adequate legal remedy is available to the applicant. *Id.*, p 158.

First, the trial court concluded that plaintiff was likely to succeed on the merits. This factor includes consideration of whether the state police, as a state agency, is subject to the township's local zoning ordinance. Defendants contend that there is a presump-

tion of immunity and that state agencies are exempt from local zoning ordinances unless the Legislature evidences an intent to subject them to such laws. Our reading of *Dearden v Detroit*, 403 Mich 257; 269 NW2d 139 (1978), and subsequent cases in this Court does not support defendants' contention in this regard.

In *Dearden*, our Supreme Court held that legislative intent, where it can be discerned, is the test for determining whether a governmental unit is immune from the provisions of local zoning ordinances. *Id.*, p 264. The Supreme Court compared the two acts at issue, the Township Rural Zoning Act (TRZA), MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.*, and the Department of Corrections act, MCL 791.201 *et seq.*; MSA 28.2271 *et seq.*, and determined that the Legislature intended to vest the Department of Corrections with complete jurisdiction over the state's penal institutions and that such jurisdiction would not be subject to the zoning enabling act. *Dearden, supra*, p 265. Therefore, we believe that the appropriate analysis is to compare the statutes at issue and discern the legislative intent to determine whether the state police is immune from the provisions of the TRZA. See also *Kalamazoo v Dep't of Corrections*, 212 Mich App 570, 573; 538 NW2d 85 (1995); *Nolan Bros of Texas, Inc v Royal Oak*, 219 Mich App 611; 557 NW2d 925 (1996).

Under the TRZA, an enabling statute, townships are given the authority to regulate land use. *Addison Twp v Gout (On Rehearing)*, 435 Mich 809, 813; 460 NW2d 215 (1990). The TRZA is a broad grant of authority. *Id.* The TRZA provides in part:

> The township board of an organized township in this state may provide by zoning ordinance for the regulation of

land development and the establishment of districts in the portions of the township outside the limits of cities and villages which regulate the use of land structures; to meet the needs of the state's citizens for food, fiber, energy, and other natural resources, places of residence, recreation, industry, trade, service, and other uses of land; to insure that use of land shall be situated in appropriate locations and relationships; to limit the inappropriate overcrowding of land and congestion of population, transportation systems, and other public facilities; to facilitate adequate and efficient provision for transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility requirements; and to promote public health, safety, and welfare. . . . Ordinances regulating land development may also be adopted designating or limiting the location, height, number of stories, and size of dwellings, buildings, and structures that may be erected or altered, including tents and trailer coaches . . . . [MCL 125.271; MSA 5.2963(1).]

The TRZA only specifies that townships cannot regulate or control oil or gas wells and that an ordinance adopted pursuant to the TRZA is subject to the electric transmission certification act, MCL 460.561 *et seq.*; MSA 22.150(1) *et seq.* MCL 125.271(2); MSA 5.2963(1)(2). However, the TRZA does not specifically indicate whether the Legislature intended to subject the state police to local zoning ordinances. See *Dearden, supra,* p 266.

Thus, we turn to the Michigan State Police act, MCL 28.1 *et seq.*; MSA 4.431 *et seq.*, to determine if the Legislature intended to grant immunity to the state police from the provisions of the local zoning ordinance. MCL 28.7; MSA 4.437 provides:

The director shall provide the officers of the department with suitable uniforms, arms, equipment, quarters, and other articles necessary, and also the expense and means of

> travel and boarding them, if necessary. The director shall
> establish and maintain local headquarters in various places,
> and may do so by agreement, lease, or otherwise, so as to
> best establish the department throughout the various sec-
> tions of the state where it will be most efficient in carrying
> out the purpose of this act, to preserve peace and prevent
> crime. The director shall fix the location of the various
> units of the department, the character of the training and
> discipline, and the general policy in respect to the use and
> employment of all members of the department.

Defendants contend that the statute's mandate that
the director shall establish and maintain local head-
quarters in various places should be read broadly to
include communications towers of the sort at issue in
this case. We cannot accept defendants' argument in
this regard, because statutory language is to be given
its ordinary and generally accepted meaning unless
the statute specifically defines a given term, in which
case the statutory definition controls. *Tryc v Michi-
gan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d
642 (1996). "Headquarters" is defined as "a center of
operations, as of the police, a military commander, or
a business, from which orders are issued." *Random
House Webster's College Dictionary* (1995). Under
this definition, a communications tower is not a
headquarters.

Defendants also cite three public acts, 1990 PA 253,
1993 PA 19, and 1995 PA 128, as evidence of the Leg-
islature's intent to exempt the state police from any
local zoning ordinances regarding construction of the
communications towers. The Legislature authorized
the Michigan Public Safety Communications System
in the capital outlay appropriations acts of 1990 (1990
PA 253) and 1993 (1993 PA 19). In 1995, the Legisla-
ture appropriated $2,850,000 in general fund money to

the state police to begin construction of the new public safety communications system. (1995 PA 128). A careful review of those acts reveals no legislative intent to provide the state police immunity from township zoning ordinances. In fact, those acts are silent regarding any legislative intent to vest the state police with complete jurisdiction over the communications tower such that it is not subject to a local zoning ordinance. A review of these public acts reveal that they are precisely what they are called: appropriations acts that provide for the division of capital among various state agencies.

Finally, defendants point to the Management and Budget Act, MCL 18.1101 *et seq.;* MSA 3.516(101) *et seq.* Specifically, MCL 18.1271(1); MSA 3.516(271)(1) provides that the Department of Management and Budget "shall establish, manage, and operate, through either state ownership or commercial leasing, telecommunications systems and service for the operations of state government." However, as the trial court noted in its opinion, the statute does not reveal a legislative intent to exempt state agencies from local zoning ordinances when placing communications towers. Unlike *Dearden*, we are unable to find any legislative intent in the relevant statutes granting the state police immunity from the provisions of local zoning ordinances.

Accordingly, the trial court did not err in ruling that plaintiff made a strong showing that it could succeed on the merits. There is no indication in any of the relevant statutes that the Legislature intended to exempt the state police from local zoning ordinances, such as Addison Township's, when constructing communications towers.

Next, the trial court concluded that plaintiff was not required to prove the existence of irreparable injury if the preliminary injunction was not granted. The trial court did not err in so ruling. The use of land in violation of a local ordinance is a nuisance per se. MCL 125.294; MSA 5.2963(24); *High v Cascade Hills County Club*, 173 Mich App 622, 629; 434 NW2d 199 (1988). A plaintiff is not required to show the existence of irreparable harm resulting from the maintenance of the nuisance. *Id.*, pp 629-630. Because the communications tower constitutes a nuisance per se, plaintiff was not required to show the existence of irreparable harm.

Next, the trial court ruled that the harm to plaintiff in the absence of an injunction outweighed the harm to defendants if the stay was granted. We agree with the trial court's reasoning in this regard. The trial court stated that the state police was not being denied the right to construct a communications tower because the state police was not without other recourse. In other words, the state police could erect a communications tower in Addison as long as it did not violate a zoning ordinance. Indeed, there is evidence in the record indicating that alternative sites are available. Because the local zoning ordinance is in effect to promote the public safety, health, and welfare, we agree with the trial court that the harm to plaintiff outweighed the harm to defendants in the absence of an injunction.

Finally, the trial court ruled that the imposition of an injunction would not result in harm to the public. As has been noted, there are alternative sites for the construction of the communications tower in Addison. Therefore, the state police is not without other

recourse. The proposed construction of the tower in a residential area contravenes the local zoning ordinance and could pose a threat to the public safety. Moreover, the issuance of an injunction to enjoin the building of the tower is really the only remedy available to Addison. No monetary award could constitute a remedy for the township because this case involves the construction of a communications tower in a residential area.

Accordingly, we find that the trial court did not abuse its discretion in issuing the preliminary injunction to enjoin defendants from constructing the communications tower. The trial court properly found that plaintiff has shown that the preliminary injunction should issue under the four-part test set forth in *Michigan State Employees Ass'n.*

Affirmed.