995 So.2d 604 (2008)
CITY OF MIAMI, a Municipal Corporation of the State of Florida, Petitioner,
v.
Eumelia CORTES and Amado Sabina, Respondents.
No. 3D08-2085.
District Court of Appeal of Florida, Third District.
November 19, 2008.
*605 Julie O. Bru, City Attorney, Victoria Mendez and John A. Greco, Assistant City Attorneys, for petitioner.
Eumelia Cortes and Amado Sabina, in proper persons.
Before GERSTEN, Chief Judge, and RAMIREZ and WELLS, JJ.
WELLS, J.
The City of Miami petitions this court for a writ of certiorari to review a decision of the circuit court appellate division which vacates both a final administrative enforcement order assessing a fine for code violations and a mitigation order reducing that fine. We agree with the City that the appellate division's decision constitutes a departure from the essential requirements of law and grant the petition for certiorari.
We have jurisdiction to conduct a review by petition for writ of certiorari of an appellate decision of the circuit court. See Fla. R.App. P. 9.030(b)(2)(B). The scope of our review on second-tier certiorari is limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995); see also Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003); Castro v. Miami-Dade County Code Enforcement, 967 So.2d 230, 233 (Fla. 3d DCA 2007).
As we observed in Southern Group Indem., Inc. v. Humanitary Health Care, Inc., 975 So.2d 1247, 1250 (Fla. 3d DCA 2008), citing to Ivey v. Allstate Ins. Co., 774 So.2d 679, 682-83 (Fla.2000), while we are governed by a very narrow standard of review, our discretionary use of our certiorari power must not be so narrowly applied as to deprive litigants and the public to essential justice. From this observation follows our conclusion that the exercise of our certiorari power is appropriate in this case.
On October 3, 2003, the City's Code Enforcement Board ("Board") held a hearing where property owner Amado Sabina pled guilty to a code violation for performance of work on a residential property without a final permit. The Board entered an enforcement order on October 10, 2003. Property owners Sabina and Eumelia Cortes were afforded 60 days to correct the violation or face a fine of $250 per day.
The property owners failed to correct the violations and fines totaling $105,750 were assessed. On June 2, 2005, the Board held a mitigation hearing to determine whether to reduce the amount of the fines accrued. All of the witnesses at the hearing were duly sworn. At the conclusion of that hearing, the Board reduced the fine to $10,000 and entered a mitigation order.
The property owners appealed the mitigation order to the appellate division of the circuit court, arguing that the mitigation order should be set aside because the city inspector had improperly delayed inspection for a period of six months. However *606 the Board had already accepted this argument in reducing the fine to $10,000. The appellate division nonetheless reversed both the enforcement and mitigation orders.
As to the enforcement order, Sabina, as property owner, pled guilty at the enforcement hearing, and neither he nor fellow property owner Cortes appealed that order. See § 162.11, Fla. Stat. (2007) (governing appeals from final orders of code enforcement boards; "An appeal shall be filed within 30 days of the execution of the order to be appealed."). Thus, the enforcement order was outside the scope of the circuit court's review, and the appellate division's order vacating the Board's original enforcement order cannot stand.
As to the mitigation order, the appellate division did not adopt the property owners' one and only claim of error-the claim of delayed inspection. Instead, the court concluded that the Board violated the property owners' due process rights and that the evidence supporting the mitigation order was "incompetent." It based these conclusions on its observations that the property owners had been denied the right to cross-examine the City's code enforcement officer and that the testimony at the mitigation hearing was unsworn.
Yet the property owners presented the testimony of owner Sabina as well as documentary evidence. They did not object to any evidence and did not ask to cross-examine any witnesses. They did not ask to examine any evidence relied upon by the City's code enforcement officer. See Acree v. State, 153 Fla. 561, 15 So.2d 262 (1943) (concluding that the right to cross-examination was waived where party did not request to exercise that right); City of St. Petersburg v. Cardinal Indus. Dev. Corp., 493 So.2d 535, 537 (Fla. 2d DCA 1986); see generally Singer v. Borbua, 497 So.2d 279, 281 (Fla. 3d DCA 1986) ("It is well settled that, in order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely and separately as points on appeal.") Moreover the testimony relied on was made under oath and was otherwise competent.[1]
Thus we conclude that the appellate division failed to apply the correct law and in doing so deprived the litigants and the public to essential justice. Accordingly, we grant the petition for writ of certiorari and remand this case to the circuit court appellate division with directions to reinstate both the enforcement and mitigation orders.
NOTES
[1] As the City explains, the transcript filed with the appellate division was transcribed from the video and was incomplete as it did not include the beginning of the hearing, which demonstrates that all present were sworn. The circuit court in addressing issues not raised by property owners improperly concluded that the testimony was incompetent.