SUAREZ, J.
 

 United Real Estate Ventures, Inc. (“United”), petitions this Court for a writ of certiorari quashing the circuit court’s opinion upholding an order issued by a special magistrate of the Village of Key Biscayne, Florida, in a code enforcement proceeding involving the use of a helipad by the property owner, United. We deny the petition for writ of certiorari.
 

 The standard of review on a second-tier petition for writ of certiorari is whether the lower court applied the correct law and afforded procedural due process.
 
 City of Miami v. Cortes,
 
 995 So.2d 604 (Fla. 3d DCA 2008).
 

 We find that the circuit court correctly applied the law and afforded procedural due process and deny the petition for writ of certiorari. The federal use of the helipad by President Nixon’s administration was immune from enforcement by reason of the supremacy clause of the United States Constitution and was not conformed into a legal non-conforming use for private individuals when the federal government ceased to use the helipad and conveyed the property to a private third party.
 
 See Alaska R.R. Corp. v. Native Village of Eklutna,
 
 43 P.3d 588 (Alaska 2002);
 
 Nolan Bros. v. City of Royal Oak,
 
 219 Mich.App. 611, 557 N.W.2d 925 (1996). The Code
 
 *49
 
 Enforcement Special Magistrate correctly-applied the law and afforded procedural due process in concluding that United was in violation of Section 30-100(a) of the Code of the Village of Key Biscayne by engaging in a prohibited use.
 

 Petition for writ of certiorari denied.