HOWELL TOWNSHIP v ROOTO CORPORATION

Docket No. 210667. Submitted March 3, 1999, at Grand Rapids. Decided
June 25, 1999, at 9:50 A.M. Leave to appeal sought.

Howell Township brought an action in the Livingston Circuit Court
against Rooto Corporation, seeking to recover the township's
response costs incurred as a result of a toxic fire on November 23,
1995, at the defendant's facility. The recovery was sought pursuant
to township Ordinance 53, which had been adopted on September
25, 1995, and published on October 4, 1995. The defendant refused
to pay the bill, alleging that the township's failure to record the
ordinance in the statutorily required book of ordinances until Feb-
ruary 28, 1996, rendered the ordinance unenforceable. The court,
Daniel A. Burress, J., agreed with the defendant and granted its
motion for summary disposition. The township appealed.

The Court of Appeals held:

1. The township's failure to timely record its newly adopted ordi-
nance in its book of ordinances does not render the ordinance
unenforceable.

2. Ordinance 53 took effect on November 3, 1995, thirty days
after its publication on October 4, 1995. There is no dispute that
the procedural requirements necessary for the ordinance to take
effect stated in MCL 41.184; MSA 5.45(4) were met by the
township.

3. The provision in MCL 41.185(1); MSA 5.45(5)(1) that requires
the township's clerk to record the ordinance in the township's book
of ordinances within one week after its first publication merely
imposes a bookkeeping duty on the township clerk and does not
address the enforceability or validity of the ordinance.

Reversed.

1. TOWNSHIPS — ORDINANCES — EFFECTIVE DATE.

Township ordinances that impose sanctions for their violation take
effect thirty days after the date of publication; those that do not
impose sanctions take effect the day following publication, unless
otherwise provided in the ordinance (MCL 41.184[2][a], [b]; MSA
5.45[4][2][a], [b]).

2. TOWNSHIPS — ORDINANCES — EFFECTIVE DATE — RECORDING.

 A township ordinance takes effect when the procedural requirements addressed in MCL 41.184; MSA 5.45(4) are met; the township's failure to meet the requirement of MCL 41.185(1); MSA 5.45(5)(1) that the ordinance must be recorded in the township's book of ordinances within one week after its first publication does not render the ordinance unenforceable.

*Foster, Swift, Collins & Smith, P.C.* (by *Charles E. Barbieri* and *Michael R. Huber*), for the plaintiff.

*The Kizer Law Firm, P.C.* (by *Thomas Kizer, Jr., Darrell L. Cho*, and *Wendy W. Peterson*), for the defendant.

Before: HOLBROOK, JR., P.J., and MURPHY and TALBOT, JJ.

TALBOT, J. We are faced with a straightforward question of law: Does a township's failure to timely record a newly adopted ordinance in its statutorily required "book of ordinances" render the ordinance unenforceable? We conclude that it does not.

On September 25, 1995, the Howell Township Board adopted Ordinance 53, a provision allowing it to recover from private enterprises the costs incurred by the township in responding to calls for assistance in connection with the release of hazardous waste materials. On October 4, 1995, the ordinance was published in accordance with the requirements of MCL 41.184(3); MSA 5.45(4)(3). Soon thereafter, on November 23, 1995, a "toxic fire" broke out at defendant's facility, requiring the assistance of the township fire department and other emergency services. On January 10, 1996, the township billed defendant for its response costs pursuant to the newly adopted ordinance. After defendant received the bill from the township, its representative went to the Howell

Township Hall to look at the township's book of ordinances. The township clerk produced the book of ordinances, but it contained no record of Ordinance 53. When defendant's representative asked the clerk about Ordinance 53, the clerk retrieved a photocopy of the ordinance from a file folder ("the clerk's official file") and gave it to defendant's representative.[1] Ordinance 53 was eventually recorded in the township's book of ordinances on February 28, 1996.

Defendant refused to pay the bill and the township brought this suit to collect reimbursement. Although the township relied on various grounds, we are now concerned only with its claim based on Ordinance 53. With regard to that claim, defendant moved for summary disposition, asserting that Ordinance 53 was not enforceable because it was not recorded in the township's book of ordinances within one week after its first publication as required by MCL 41.185(1); MSA 5.45(5)(1). The township argued in response that its failure to timely record Ordinance 53 in its book of ordinances did not render the ordinance unenforceable. The trial court agreed with defendant and granted summary disposition. We are not similarly persuaded.

The Michigan Legislature has provided clear direction regarding the issue presented in this case. The effective date of a newly adopted township ordinance depends on the date of publication. See MCL 41.184;

---

[1] Accordingly, we are not faced with a situation in which defendant was unable to review a copy of the ordinance when inquiry was made to the township clerk. Furthermore, defendant did not assert that it relied in any way on the absence of Ordinance 53 from the township's book of ordinances.

MSA 5.45(4).[2] Township ordinances that impose sanctions "take effect" thirty days after the date of publication. MCL 41.184(2)(a); MSA 5.45(4)(2)(a). Township ordinances that do not impose sanctions "take effect" the day following publication, unless otherwise provided in the ordinance. MCL 41.184(2)(b); MSA 5.45(4)(2)(b). Here, Ordinance 53 provided that it was to become effective thirty days after publication. Accordingly, whether it can be said to impose a "sanction" or not, Ordinance 53 took effect on November 3, 1995, thirty days after its publication on October 4, 1995.

---

[2] The statute provides as follows:

(1) A township ordinance shall contain a provision stating when the ordinance takes effect.

(2) Except as provided in section 22 of Act No. 359 of the Public Acts of 1947, being section 42.22 of the Michigan Compiled Laws, and section 11 of the township rural zoning act, Act No. 184 of the Public Acts of 1943, being section 125.281 of the Michigan Compiled Laws, a township ordinance shall take effect as follows:

(a) If an ordinance imposes a sanction for the violation of the ordinance, the ordinance shall take effect 30 days after the first publication of the ordinance.

(b) If an ordinance does not impose a sanction for the violation of the ordinance, the ordinance shall take effect the day following the date of the publication of the ordinance or any date following publication specified in the ordinance.

(3) Publication of the ordinance shall be made within 30 days after the passage of the ordinance by inserting either a true copy or a summary of the ordinance once in a newspaper circulating within the township. A summary of an ordinance may be drafted by the same person that drafted the ordinance or by the township board or township zoning board and shall be written in clear and nontechnical language. Each section of an ordinance or a summary of an ordinance shall be preceded by a catch line.

(4) If a summary of an ordinance is published, the township shall designate in the publication the location in the township where a true copy of the ordinance can be inspected or obtained. [MCL 41.184; MSA 5.45(4).]

In its brief on appeal, defendant contends that the issue is not when Ordinance 53 "took effect," but rather whether the ordinance was "valid" given the township clerk's admitted failure to meet the recording requirements of MCL 41.185(1); MSA 5.45(5)(1). This argument presents what is, essentially, a distinction without a difference. Nothing in MCL 41.185; MSA 5.45(5) addresses the enforceability or validity of township ordinances. That section merely imposes a bookkeeping duty on township clerks.[3] The procedural requirements necessary for a newly adopted township ordinance to "take effect" are addressed in MCL 41.184; MSA 5.45(4), and there is no dispute that these requirements were met by the township. Therefore we hold that the trial court erred in granting defendant's motion for summary disposition.

Reversed.

---

[3] The statute provides as follows:

(1) Within 1 week after the first publication of an ordinance as provided in section 4, the township clerk shall record the ordinance in a book of ordinances kept by him or her for that purpose; record the date of the passage of the ordinance, the names of the members of the township board voting, and how each member voted; and file an attested copy of the ordinance with the county clerk. The township clerk shall certify under the ordinance in a blank space provided the date or dates of publication of the ordinance, the name of the newspaper in which publication was made, and the date of filing with the county clerk.

(2) The county clerk shall maintain separate files for the ordinances of each township in the county and make the files readily available to the public.

(3) The provisions of this section with regard to filing with the county clerk shall not apply to a township that maintains a township office open to the public during regular hours on each business day.

(4) The county clerk may charge a reasonable fee for the reproduction or furnishing of a copy of an ordinance. [MCL 41.185; MSA 5.45(5).]