HOWELL TOWNSHIP v ROOTO CORPORATION

Docket No. 115105. Decided September 12, 2000. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgment of the Court of Appeals and remanded the case to the circuit court for further proceedings.

Howell Township brought an action in the Livingston Circuit Court against Rooto Corporation, seeking reimbursement of the cost of fighting a fire at the defendant's plant pursuant to Township Ordinance 53. The defendant argued that the ordinance was unrecorded in the township's book of ordinances at the time of the fire, and thus was unenforceable. The court, Daniel A. Burress, J., granted summary disposition for the defendant. The Court of Appeals, D. E. HOLBROOK JR., P.J., and MURPHY and TALBOT, JJ., reversed. 236 Mich App 438 (1999) (Docket No. 210667). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The ordinance is enforceable.

The obligation of the township clerk to maintain a book of ordinances was unrelated to the effectiveness of the township's ordinance. Effectiveness is governed by MCL 41.184; MSA 5.45(4), which provides that it depends on the date of publication.

Affirmed and remanded.

*Foster, Swift, Collins & Smith, P.C.* (by *Charles E. Barbieri* and *Michael R. Huber*), for the plaintiff-appellee.

*The Kizer Law Firm, P.C.* (by *Thomas J. Kizer, Jr.,* and *Darrell L. Cho*), for the defendant-appellant.

PER CURIAM. Not long after passing an ordinance, Howell Township confronted a situation that the ordinance would govern. However, that measure, while published, had not yet been recorded in the township's book of ordinances. In an ensuing lawsuit, the

circuit court granted summary disposition to Rooto Corporation, against whom the ordinance was invoked, holding that it was not enforceable because it was unrecorded. The Court of Appeals reversed. We agree with the Court of Appeals that the ordinance is enforceable, and accordingly affirm.

I

In September 1995, Howell Township adopted an ordinance that allowed it to recover the cost of responding to certain incidents involving hazardous materials.[1] This measure, labeled Ordinance 53, provided that it would take effect thirty days after publication in the Livingston County Press.

The effective date of an ordinance is governed by MCL 41.184; MSA 5.45(4). In that statutory section, the Legislature requires that an ordinance be published in a local newspaper,[2] and establishes an effective date that runs from the local publication:

---

[1] This case has not been tried. We take the facts from the complaint and, where appropriate, from other sources in the file.

[2] Publication of the ordinance shall be made within 30 days after the passage of the ordinance by inserting either a true copy or a summary of the ordinance once in a newspaper circulating within the township. A summary of an ordinance may be drafted by the same person who drafted the ordinance or by the township board or township zoning board and shall be written in clear and nontechnical language. Each section of an ordinance or a summary of an ordinance shall be preceded by a catch line. If a summary of an ordinance is published, the township shall designate in the publication the location in the township where a true copy of the ordinance can be inspected or obtained. [MCL 41.184(3); MSA 5.45(4)(3).]

This is the current language, as enacted in 1999 PA 253 and 1999 PA 257. At the time this case arose, the language was drawn from 1994 PA 14. The two versions do not, for purposes of this case, differ significantly.

Except as provided in [MCL 46.22; MSA 5.46(22)][3] and [MCL 125.281; MSA 5.2963(11)],[4] a township ordinance shall take effect as follows:

(a) If an ordinance imposes a sanction for the violation of the ordinance, the ordinance shall take effect 30 days after the first publication of the ordinance.

(b) If an ordinance does not impose a sanction for the violation of the ordinance, the ordinance shall take effect the day following the date of the publication of the ordinance or any date following publication specified in the ordinance.[5] [MCL 41.184(2); MSA 5.45(4)(2).][6]

The Howell Township ordinance was published in early October 1995, and took effect thirty days later.[7] Thus, it was in effect on Thanksgiving Day 1995 when an arson fire occurred in the township at the Rooto Corporation plant.

Rooto makes drain cleaner and related products, and maintains supplies of several chemical substances. The city of Howell Fire Department serves the township by contract, and was the primary responding agency. Emergency personnel also came from other nearby communities. We are told that the fire took many hours to suppress. Among the consequences of the fire was the evacuation of a nursing home toward which the smoke was moving.

---

[3] This section pertains to ordinances of a charter township.

[4] This section pertains to zoning ordinances.

[5] A township ordinance shall contain a provision stating when the ordinance takes effect. [MCL 41.184(1); MSA 5.45(4)(1).]

[6] Again, this is the current language from 1999 PA 253 and 1999 PA 257. The differences between those acts and 1994 PA 14 are minor and do not affect this case.

[7] As indicated, the ordinance stated that it would be effective thirty days after publication. Thus, it took effect after that period, whether or not the payments that would be required under the ordinance constitute a "sanction" within the meaning of MCL 41.184(2)(a); MSA 5.45(4)(2)(a).

In the aftermath of these events, the Howell Fire Department presented Howell Township with a bill in the amount of $76,750.27. The township sought reimbursement from Rooto under Ordinance 53. Rooto declined to pay. This suit followed.

On cross-motions for summary disposition, the circuit court ruled in favor of Rooto and against the township. The basis of the ruling was a statutory provision that requires a township clerk to record each ordinance in a "book of ordinances."[8]

On the day of the fire, Ordinance 53 had not yet been recorded in the book of ordinances. Nor had it been recorded when, after receiving a payment invoice from the township, a representative of Rooto went to the township clerk to obtain a copy of the ordinance. He was able to obtain a copy because he knew of the ordinance and could ask specifically for it by number.[9]

---

[8] Within 1 week after the publication of an ordinance as provided in [MCL 41.184; MSA 5.45(4)], the township clerk shall record the ordinance in a book of ordinances kept by him or her for that purpose; record the date of the passage of the ordinance, the names of the members of the township board voting, and how each member voted; and file an attested copy of the ordinance with the county clerk. . . . The township clerk shall certify under the ordinance in a blank space provided the date or dates of publication of the ordinance, the name of the newspaper in which publication was made, and the date of filing with the county clerk. [MCL 41.185(1); MSA 5.45(5)(1).]

Again, this is the current language from 1999 PA 253 and 1999 PA 257, which does not differ significantly from the version in 1994 PA 14.

[9] The township says the ordinance had not been placed in the book of ordinances because a special size of paper had to be ordered. The ordinance was eventually placed in the book in late February 1996. However, on September 27, 1995, the township clerk did certify and record the date of passage of the ordinance and record the names of the township board members who voted and how they voted in the clerk's official file.

The circuit court accepted Rooto's argument that the unrecorded ordinance was unenforceable, and granted summary disposition in its favor. However, the Court of Appeals reversed. 236 Mich App 438; 600 NW2d 412 (1999).

Rooto now applies to this Court for leave to appeal.

II

Reversing the judgment of the circuit court, the Court of Appeals explained that the obligation of the township clerk to maintain the book of ordinances was unrelated to the question whether a particular ordinance is in effect:

> The Michigan Legislature has provided clear direction regarding the issue presented in this case. The effective date of a newly adopted township ordinance depends on the date of publication. See MCL 41.184; MSA 5.45(4). Township ordinances that impose sanctions "take effect" thirty days after the date of publication. MCL 41.184(2)(a); MSA 5.45(4)(2)(a). Township ordinances that do not impose sanctions "take effect" the day following publication, unless otherwise provided in the ordinance. MCL 41.184(2)(b); MSA 5.45(4)(2)(b). Here, Ordinance 53 provided that it was to become effective thirty days after publication. Accordingly, whether it can be said to impose a "sanction" or not, Ordinance 53 took effect on November 3, 1995, thirty days after its publication on October 4, 1995.
>
> In its brief on appeal, defendant contends that the issue is not when Ordinance 53 "took effect," but rather whether the ordinance was "valid" given the township clerk's admitted failure to meet the recording requirements of MCL 41.185(1); MSA 5.45(5)(1). This argument presents what is, essentially, a distinction without a difference. Nothing in MCL 41.185; MSA 5.45(5) addresses the enforceability or validity of township ordinances. That section merely imposes a bookkeeping duty on township clerks. The proce-

dural requirements necessary for a newly adopted township ordinance to "take effect" are addressed in MCL 41.184; MSA 5.45(4), and there is no dispute that these requirements were met by the township. Therefore we hold that the trial court erred in granting defendant's motion for summary disposition. [236 Mich App 440-442.]

We agree,[10] and wish to emphasize that the Court of Appeals characterization of the ordinance-book requirement as a "bookkeeping duty" is no mere figure of speech. The Legislature has placed on township clerks a literal duty to keep a book, and has emphasized with the mandatory "shall" the importance of properly maintaining it. However, that obligation is unrelated to the effectiveness of the township's ordinances. There is no reason that an ordinance should be invalidated by the township clerk's failure to record it in the book of ordinances.[11] Effectiveness is, as the Court of Appeals explained, governed by MCL 41.184; MSA 5.45(4).

For these reasons, we affirm the judgment of the Court of Appeals and remand this case to the circuit court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

---

[10] The statutory issues in this case are questions of law, which we decide de novo. *Page v Klein Tools, Inc*, 461 Mich 703, 709; 610 NW2d 900 (2000); *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

[11] Each party cites portions of *Edel v Filer Twp*, 49 Mich App 210; 211 NW2d 547 (1973), a case that is distinguishable in several respects. However, the Court of Appeals declined in *Edel* to invalidate an ordinance on the basis of a failure to maintain a book of ordinances. 49 Mich App 213.