BINGHAM TOWNSHIP v RLTD RAILROAD CORPORATION

Docket No. 196418. Submitted July 1, 1997, at Grand Rapids. Decided February 20, 1998, at 9:05 A.M. Leave to appeal sought.

Bingham Township brought an action in the Leelanau Circuit Court against RLTD Railroad Corporation and Leelanau Trails Association, Inc. (LTA), seeking declaratory and injunctive relief against the redevelopment by LTA of a railroad corridor abandoned by RLTD into a bicycle-and-commuter trail. The township contended that such redevelopment was subject to, but was not in compliance with, the zoning regulations of the township. The court, Philip E. Rodgers, Jr., J., granted summary disposition for the defendants, ruling that application of the township's zoning ordinances to the redevelopment was preempted by state law. The township appealed.

The Court of Appeals *held*:

The Legislature, in the State Transportation Preservation Act of 1976, MCL 474.51(3); MSA 22.180(21)(3), and the Michigan trailways act, MCL 324.72102; MSA 13A.72102, has exercised authority over the preservation of railroad corridors or their redevelopment into public trails. The nature of the regulated subject matter demands exclusive state regulation to achieve the uniformity necessary to serve the state's purpose.

Affirmed.

RAILROADS — RAILROAD CORRIDORS — PRESERVATION OR REDEVELOPMENT INTO TRAILS — ZONING — TOWNSHIPS.

The preservation of railroad corridors or their redevelopment into public trails is subject to exclusive regulation by the state, thus preempting the application of a township's zoning ordinances adopted pursuant to the Township Rural Zoning Act (MCL 324.72102, 474.51[3]; MSA 13A.72102, 22.180[21][3]; 1995 PA 133, § 708).

*Running, Wise, Wilson, Ford & Phillips, P.L.C.* (by *Richard W. Ford*), for the plaintiff.

*Warner Norcross & Judd, LLP* (by *Devin S. Schindler* and *Andrew D. Hakken*), for the defendants.

Before: SAAD, P.J., and NEFF and REILLY, JJ. ·

NEFF, J. Plaintiff Bingham Township appeals as of right the circuit court's order granting summary disposition to defendants RLTD Railroad Corporation and Leelanau Trails Association, Inc. (LTA), and denying plaintiff's request for a preliminary injunction. We affirm.

I

RLTD owns a railroad corridor, approximately one hundred feet wide and fifteen miles long, that traverses plaintiff. The National Trails System Act (NTA) provides that jurisdiction over such rail corridors is vested with the Interstate Commerce Commission, which has subsequently become known as the Federal Surface Transportation Board (STB). 16 USC 1241 *et seq.* Pursuant to the NTA, RLTD sought permission from the STB to abandon the rail line so that it could be used by defendant LTA as a rail-trail (a process known as "railbanking"). The STB granted RLTD's request, subject to a requirement that the corridor be converted back to a rail line if the need arose. Consistent with this order, LTA has developed the corridor into a bicycle-and-commuter trail that has been in operation since August 1996.[1]

Plaintiff brought a declaratory action in the circuit court requesting the court to establish the parties' rights with regard to the trail and to preliminarily

_____

[1] We note that after the circuit court's order, the STB reversed its prior ruling, holding that it did not have jurisdiction over the corridor because the rail line had previously been abandoned. Defendants represented to this Court at oral argument that they have moved that the STB reconsider that decision and have appealed the decision to the Sixth Circuit Court of Appeals.

enjoin LTA from proceeding with construction and advertising of the trail until the court issued its declaratory judgment. In its complaint, plaintiff alleged that defendant had publicly stated (1) that when fully developed, the trail could be used by 60,000 to 70,000 people a year and (2) that LTA's plan for the construction of the trail includes the paving of a ten-foot-wide trail and the construction of additional structures, including permanent bathroom facilities, a trail office, trail-fee booths, an equipment building, picnic pavilions, a trail visitors center, rest benches, picnic tables, playground elements, handicapped-accessible exercise stations, and bike racks. Plaintiff also alleged that LTA had refused to submit its plan for the trail to plaintiff's planning commission for approval, in accordance with the provisions of MCL 125.330; MSA 5.2963(110), or to apply for a land-use permit from plaintiff's zoning administrator as required by § 15.4.1 of plaintiff's zoning ordinance.

The circuit court held that plaintiff, through its zoning powers, could not prevent LTA from constructing a recreational trail on an old railway line owned by RLTD because the use of such zoning powers was preempted by both federal and state law.[2] The court thus granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8), and denied plaintiff's request for a preliminary injunction. Plaintiff now appeals the circuit court's ruling to this Court.

---

[2] Because we base our ruling here solely on state grounds, we need not reach plaintiff's argument that the circuit court erred in finding that plaintiff's attempt to impose zoning restrictions on the rail corridor is preempted by federal law. We note, however, that the court's federal preemption analysis was based on the assumption that the STB had retained jurisdiction over the corridor, a finding that has since been reversed by the STB.

II

Plaintiff argues that the circuit court erred in holding that state law preempts the application of plaintiff's zoning powers to a rail corridor that is railbanked and in denying its motion for a preliminary injunction. We disagree.

Under the Township Rural Zoning Act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.*, townships are given the authority to regulate land use. *Addison Twp v Dep't of State Police (On Remand)*, 220 Mich App 550, 555; 560 NW2d 67 (1996). However, a municipal ordinance is preempted by state law if (1) the statute completely occupies the field that the ordinance attempts to regulate, or (2) the ordinance directly conflicts with a state statute. *Rental Property Owners Ass'n v Grand Rapids*, 455 Mich 246, 256-257; 566 NW2d 514 (1997). One of the considerations used to determine if the state has preempted a given field of regulation is whether the nature of the regulated subject matter demands exclusive state regulation to achieve the uniformity necessary to serve the state's purpose. *Id.*

We find that the preservation of old railway lines demands exclusive state regulation to achieve the state's purpose of maintaining the availability of such transportation corridors. As our Supreme Court held long ago, "[t]he state has control over its public streets and highways and may authorize their use for the purposes of travel and commerce without permission of the municipalities." *Michigan Telephone Co v Benton Harbor*, 121 Mich 512, 514; 80 NW 386 (1899). The term "highway" includes railroads. *Advisory Opinion on Constitutionality of 1976 PA 295, 1976 PA 297*, 401 Mich 686, 706; 259 NW2d 129 (1977).

The Legislature has repeatedly exercised its authority over the development of rail-trails. For example, in the State Transportation Preservation Act of 1976, the Legislature expressly stated that "[t]he preservation of abandoned railroad rights of way for future rail use and their interim use as public trails is declared to be a public purpose." MCL 474.51(3); MSA 22.180(21)(3). The Legislature later adopted the Michigan trailways act, MCL 324.72102; MSA 13A.72102, in which it again stated that the acquisition, development, and maintenance of Michigan trailways is in the best interest of the state and is declared to be a public purpose.[3] Recently, the Legislature passed an appropriations bill for the Michigan Department of Transportation identifying certain rail lines, including the one at issue here, as "essential corridors" to the state's transportation infrastructure. 1995 PA 133, § 708.

In light of the state's repeated expression of intent to establish and maintain such trailways, we find that giving local authorities the power to impose their individual zoning schemes over these interjurisdictional transportation corridors would frustrate the Legislature's intent to preserve essential rail corridors

---

[3] MCL 324.72102; MSA 13A.72102 provides:

The legislature finds and declares that a statewide system of trailways will provide for public enjoyment, health, and fitness; encourage constructive leisure-time activities; protect open space, cultural and historical resources, and habitat for wildlife and plants; enhance the local and state economies; link communities, parks, and natural resources; create opportunities for rural-urban exchange, agricultural education, and the marketing of farm products; and preserve corridors for possible future use for other public purposes. Therefore, the planning, acquisition, development, operation, and maintenance of Michigan trailways is in the best interest of the state and is declared to be a public purpose.

and allow for rail-trail transformations. Indeed, if every governing body along a transportation corridor had the right to exercise its individual zoning authority on the rail-trail, construction and maintenance of such transportation corridors would be virtually impossible. In this conflict between state law and plaintiff's effort to zone the property in question, we hold that plaintiff's zoning ordinances are preempted.

Accordingly, we affirm the circuit court's opinion that the fifteen-mile-long by one-hundred-foot-wide transportation corridor at issue here is not subject to plaintiff's zoning ordinances, and its denial of plaintiff's motion for a preliminary injunction.[4]

Affirmed.

---

[4] We agree with the circuit court that defendants and users of the trailway are subject to reasonable local regulation that is in the interest of public health, safety, and welfare. See MCL 324.72103(1)(b); MSA 13A.72103(1)(b) (To qualify as a Michigan trailway, "[t]he design and maintenance of the trailway and its related facilities [must] meet generally accepted standards of public safety."). These regulations may, for example, provide for the enforcement of criminal and civil laws, construction and maintenance of fencing, and limitation of noise. We further note that the Michigan Trailways Act repeatedly emphasizes the Legislature's desire that the public purpose in a statewide system of trailways be balanced with the interests of surrounding landowners and residents. See, e.g., MCL 324.72103(1)(j); MSA 13A.72103(1)(j), MCL 324.72103(3); MSA 13A.72103(3). We strongly encourage the parties to work together to meet these common goals.