**Michigan Supreme Court**
**Lansing, Michigan 48909**

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

# Opinion

**FILED APRIL 18, 2001**

THE TOWNSHIP OF BINGHAM,

    Plaintiff-Appellant,

v

No. 115602

RLTD RAILROAD CORPORATION and
LEELANAU TRAILS ASSOCIATION,
INC.,

    Defendants-Appellees.

_____

PER CURIAM

This is a dispute between a township and proponents of a "rails to trails" recreational pathway that passes through the township. The Court of Appeals has twice found that the township's zoning ordinance is preempted by laws that govern such pathways. We reverse the judgment of the Court of Appeals and remand this case to circuit court for further proceedings.

I

This case concerns a former rail line that, roughly speaking, extends from Traverse City to Suttons Bay. The right of way in Leelanau County is about one hundred feet wide and about fifteen miles long.[1] Until the late 1970s, the Chesapeake and Ohio Railroad provided freight service along this corridor.[2]

"Abandonment" of a rail line is a term that has a specific meaning under federal and state transportation law.[3] In common parlance, however, one may say that this rail line has been abandoned since the early 1990s, when a tourist railroad ceased operation.[4]

At the time this litigation arose, the owner of the corridor was RLTD Railroad Corporation, which was in the process of selling the property (on land contract) to the Leelanau Trails Association, Inc. The association's intent was to construct and maintain a "rails to trails" recreational pathway for hikers, runners, bicyclists, and others.

From the materials at hand, it appears that the sale has been completed. The record is less clear regarding the present status of the pathway, but we gather that it has been

---

[1] At oral argument, counsel for the township explained that the pathway is slated to be joined with a similar tract in Grand Traverse County, creating a renamed trail of greater length.

[2] We are told that passenger service ended in 1948.

[3] See *RLTD R Corp v Surface Transportation Bd*, 166 F3d 808, 810-811 (CA 6, 1999).

[4] For several years in the early 1990s, the tourist line carried sightseers back and forth.

at least partially open to the public for several years.

The project had opponents. Some lived in Bingham Township, through which the rail line passed. Backers of the project apparently had indicated that as many as sixty or seventy thousand persons might use the pathway each year, and opponents were concerned about the potential effect of such traffic.

In September 1995, RLTD filed a petition with the Surface Transportation Board,[5] seeking to formally abandon this stretch of track. The association filed on the same day a statement of its willingness to assume control of the line.[6] However, the eventual result of those proceedings was a determination that the federal board lacked jurisdiction. *RLTD R Corp v Surface Transportation Bd*, 166 F3d 808 (CA 6, 1999).

While the federal matter was under way, Bingham Township filed a February 1996 complaint against RLTD and the association. The township alleged a dispute regarding the extent of its zoning authority over the project, and asked for a declaration of rights and a preliminary injunction against the project.

Jointly represented, the defendants moved for summary

---

[5] Actually, the petition was filed with the Interstate Commerce Commission, which no longer exists. The matter was transferred to the Surface Transportation Board. See *RLTD*, n 3 *supra* at 810 and 811, n 2.

[6] In February 1995, the Michigan Department of Transportation and the Michigan Department of Natural Resources had declined to purchase the former rail corridor.

disposition.  MCR 2.116(C)(8), (10).  In their motion, the defendants stated that the township's zoning ordinance is preempted by federal law.  The defendants' supporting brief also mentions state law, but the focus of the brief is likewise on federal law.

The circuit court denied the request for preliminary injunction and granted the defendants' motion for summary disposition.[7]  The court found that the township's zoning ordinance was preempted, though the court noted "certain important caveats"——matters pertaining to public health and safety *are* subject to the authority of local government.

In its ruling, the circuit court noted the Michigan trailways act, which is Part 721 of the Natural Resources and Environmental Protection Act.[8]  MCL 324.72101 *et seq.*; MSA 13A.72101 *et seq*.  However, the court's opinion reflected the assumption that the proceedings before the Surface Transportation Board would lead to federal oversight of the project.

Several days later, the township filed a motion to clarify.  In response, the circuit court entered a final judgment declaring that "the Defendants' proposed trail construction and operation is not subject to Plaintiff's

---

[7]  The court discussed the differing standards for granting motions under MCR 2.116(C)(8) and (C)(10), but did not explicitly state the paragraph under which the motion was being granted.

[8]  MCL 324.101 *et seq.*; MSA 13A.101 *et seq*.

4

zoning code or master plan . . . ."[9]

After the township filed its claim of appeal in the Court of Appeals, the Surface Transportation Board ruled that it was without jurisdiction. This decision was later upheld on appeal. *RLTD, supra.*[10]

In February 1998, the Court of Appeals affirmed the judgment of the circuit court. 228 Mich App 154, 155; 576 NW2d 731 (1998). The Court of Appeals explained its decision by noting the Legislature's strong interest in this sort of recreational project:

> The Legislature has repeatedly exercised its authority over the development of rail-trails. For example, in the State Transportation Preservation Act of 1976, the Legislature expressly stated that "[t]he preservation of abandoned railroad rights of way for future rail use and their interim use as public trails is declared to be a public purpose." MCL 474.51(3); MSA 22.180(21)(3). The Legislature later adopted the Michigan trailways act, MCL 324.72102; MSA 13A.72102, in which it again stated that the acquisition, development, and maintenance of Michigan trailways is in the best interest of the state and is declared to be a public purpose.[3] Recently, the Legislature passed an appropriations bill for the Michigan Department of Transportation identifying certain rail lines, including the one at issue here, as "essential corridors" to the state's transportation infrastructure. 1995 PA

---

[9] Consistent with its earlier ruling, the court added that "the Defendants' proposed trail is subject to other reasonable regulation in the interest of public health, safety and welfare."

[10] Perhaps believing that the federal decision undercut the basis of circuit court's ruling, the township amended its zoning ordinance in early 1997. RLTD and the association say in this Court that setback requirements and other features of the amended ordinance would have the effect of destroying the corridor by carving it into small segments. The township says that its ordinance has been amended again, and would create no such problem.

133, § 708.

In light of the state's repeated expression of intent to establish and maintain such trailways, we find that giving local authorities the power to impose their individual zoning schemes over these interjurisdictional transportation corridors would frustrate the Legislature's intent to preserve essential rail corridors and to allow for rail-trail transformations. Indeed, if every governing body along a transportation corridor had the right to exercise its individual zoning authority on the rail-trail, construction and maintenance of such transportation corridors would be virtually impossible. In this conflict between state law and plaintiff's effort to zone the property in question, we hold that plaintiff's zoning ordinances are preempted. [228 Mich App 158-159.]

---

[3] MCL 324.72102; MSA 13A.72102 provides:

The legislature finds and declares that a statewide system of trailways will provide for public enjoyment, health, and fitness; encourage constructive leisure-time activities; protect open space, cultural and historical resources, and habitat for wildlife and plants; enhance the local and state economies; link communities, parks, and natural resources; create opportunities for rural-urban exchange, agricultural education, and the marketing of farm products; and preserve corridors for possible future use for other public purposes. Therefore, the planning, acquisition, development, operation, and maintenance of Michigan trailways is in the best interest of the state and is declared to be a public purpose.

---

In a footnote, the Court of Appeals agreed with Judge Rodgers that the township does retain some authority with regard to issues of health and safety.[11]

---

[11]

We agree with the circuit court that defendants and users of the trailway are subject to reasonable local regulation which is in the interest of public health, safety, and welfare. See MCL 324.72103(1)(b); MSA 13A.72103(1)(b) (To qualify as a Michigan trailway, "[t]he design and

6

When the township applied to this Court for leave to appeal, we remanded the case to the Court of Appeals "to determine whether and how the regulatory provisions of the Michigan trailways act, MCL 324.72101 *et seq.;* MSA 13A.72101 *et seq.,* . . . apply to the land corridor in question."[12] 460 Mich 868 (1999).

On remand, the Court of Appeals again affirmed. 237 Mich App 538; 603 NW2d 795 (1999). It found that the Michigan trailways act does apply. 237 Mich App 543-546. From there, the Court explained that the trailways act preempts local zoning control of a "Michigan trailway." 237 Mich App 546-552. In that fashion, the Court reached this conclusion:

> The MTA anticipates a process in which a trailway becomes a designated "Michigan trailway."

---

maintenance of the trailway and its related facilities [must] meet generally accepted standards of public safety"). These regulations may, for example, provide for the enforcement of criminal and civil laws, construction and maintenance of fencing, and limitation of noise. We further note that the Michigan Trailways Act repeatedly emphasizes the Legislature's desire that the public purpose in a statewide system of trailways be balanced with the interests of surrounding landowners and residents. See, e.g., MCL 324.72103(1)(j); MSA 13A.72103(1)(j), MCL 324.72103(3); MSA 13A.72103(3). We strongly encourage the parties to work together to meet these common goals. [228 Mich App 159, n 4.]

[12] Our order also directed the Court of Appeals "to determine whether and how the regulatory provisions of the . . . State Transportation Preservation Act, MCL 474.51 *et seq.;* MSA 22.180(21) *et seq.,* apply to the land corridor in question." On remand, the Court of Appeals found that the STPA did not apply because the land is not owned by the Department of Transportation. 237 Mich App 542-543. Neither side has appealed that determination, and so the applicability of this act is no longer at issue.

7

> During this process, local zoning cannot be permitted to frustrate the Legislature's clearly expressed intent to encourage the development of such interjurisdictional trailways. Accordingly, we conclude, as we did in our original opinion, that "[i]n this conflict between state law and plaintiff's effort to zone the property in question . . . plaintiff's zoning ordinances are preempted." *Bingham Twp, supra* [228 Mich App] 159. [237 Mich App 552-553.]

For a second time, the township applied to this Court, and we granted leave to appeal. 462 Mich 902 (2000). In our order, we invited briefing on "the issue of whether and how the Michigan trailways act, MCL 324.72101 *et seq.*; MSA 13A.72101 *et seq.*, or local zoning ordinances apply to abandoned railroad corridors."

II

As indicated, the circuit court did not state whether it granted the defendants' motion for summary disposition under MCR 2.116(C)(8) or (10). However, "summary disposition under either MCR 2.116(C)(8) or (10) will always present an issue of law for our determination . . . ." and thus "[w]e review a trial court's ruling on a motion for summary disposition de novo." *Straus v Governor*, 459 Mich 526, 533; 592 NW2d 53 (1999).

This case also presents a question of statutory interpretation, which we likewise decide de novo. *Kent Co Deputy Sheriffs Ass'n v Kent Co Sheriff*, 463 Mich 353, 357, n 8; 617 NW2d 533 (2000); *Howell Twp v Rooto Corp*, 463 Mich 347, 352, n 10; 617 NW2d 533 (2000).

As stated above, the holding of the Court of Appeals that the township's zoning authority is preempted is grounded in its determination that the Michigan trailways act applies to the disputed trail.

In turn, that determination was reached after reference to the statutory definitions of a "trailway":

> "Trailway" means a land corridor that features a broad trail capable of accommodating a variety of public recreation uses. [MCL 324.72101(f); MSA 13A.72101(f).]

and "Michigan trailway":

> "Michigan trailway" means a trailway designated by the commission[13] pursuant to section 72103. [MCL 324.72101(e); MSA 13A.72101(e).]

The Legislature has, in this definition, clearly provided that a Michigan trailway is a trailway *designated by the Commission of Natural Resources* under MCL 324.72103; MSA 13A.72103. That provision outlines both a process that includes a public hearing[14] and a wide variety of substantive requirements for a proposed trailway.[15] 237 Mich App 543-545.

---

[13] "[T]he commission" is the Commission of Natural Resources. MCL 324.301(a); MSA 13A.301(a).

[14] MCL 324.72103(2); MSA 13A.72103(2).

[15]

> Upon petition by any person or on its own motion, the commission may designate a trailway in this state as a "Michigan trailway." The petition or motion shall propose permitted uses of the trailway. The commission shall not designate a trailway as a Michigan trailway unless it meets, or will meet when completed, all of the following requirements:

(a) The land on which the trailway is located is owned by the state or a governmental agency, or otherwise is under the long-term control of the state or a governmental agency through a lease, easement, or other arrangement. If the land is owned by a governmental agency, the commission shall obtain the consent of the governmental agency before designating the land as part of a Michigan trailway.

(b) The design and maintenance of the trailway and its related facilities meet generally accepted standards of public safety.

(c) The trailway meets appropriate standards for its designated recreation uses.

(d) The trailway is available for designated recreation uses on a nondiscriminatory basis.

(e) The trailway is a multiuse trail suitable for use by pedestrians, by people with disabilities, and by other users, as appropriate.

(f) The trailway is, or has potential to be, a segment of a statewide network of trailways, or it attracts a substantial share of its users from beyond the local area.

(g) The trailway is marked with an official Michigan trailway sign and logo at major access points.

(h) The trailway is not directly attached to a roadway, except at roadway crossings.

(i) Where feasible, the trailway offers adequate support facilities for the public, including parking, sanitary facilities, and emergency telephones, that are accessible to people with disabilities and are at reasonable frequency along the trailway.

(j) Potential negative impacts of trailway development on owners or residents of adjacent property are minimized through all of the following:

(i) Adequate enforcement of trailway rules and regulations.

As counsel for RLTD and the association conceded at oral argument, the former rail line has never been designated a "Michigan trailway." Indeed, no such petition has ever been filed.[16]

Notwithstanding the lack of designation, the Court of Appeals found the statute applicable on the ground that the statutory language reveals that "the Legislature has contemplated an ongoing process by which trailways are developed and eventually obtain 'Michigan trailway' status." 237 Mich App 545. The Court noted that the Legislature permitted a "Michigan trailway" designation to be applied if the trailway "meets *or will meet when completed*" the requirements set forth in MCL 324.72103(1)(a)-(k); MSA 13A.72103(1)(a)-(k).

The Court of Appeals is correct that the Legislature has anticipated that the requirements for designation as a

---

(ii) Continuation of access for trailway crossings for agricultural and other purposes.

(iii) Construction and maintenance of fencing, where necessary, by the owner or operator of the trailway.

(iv) Other means as considered appropriate by the commission.

(k) Other conditions by the commission. [MCL 324.72103(1); MSA 13A.72103(1).]

[16] Counsel explained, from his clients' perspective, the reasons for not filing. They related to perceived difficulties in gaining the support of other townships for the formation of a "Michigan trailway management council," MCL 324.72106; MSA 13A.72106, and the prospects for achieving governmental control of the pathway, as required by MCL 324.72103(1)(a); MSA 13A.72103(1)(a).

"Michigan trailway" might not be met all at once, and that they need not have been met at time of the petition or even at the time of designation. However, that sort of flexible approach——a legislative recognition that fulfillment of the requirements can be a long process——does not mean that the Legislature made the statute applicable to pathways that lack the designation. Indeed, the legislation anticipates the opposite. By permitting designation before the statutory requirements are met and before the trailway is completed, the Legislature removed any need to offer special protection to undesignated trailways.

The Court of Appeals said that, though the corridor had not yet received the "Michigan trailway" designation, "it is making progress toward this goal, and thus it is appropriate to apply the regulatory provisions contained in the [statute] to the trailway." 237 Mich App 546. That is not what the legislation provides. The Legislature has made the "Michigan trailway" designation broadly available——even to incomplete trailways that will later meet statutory requirements——and we find in the language of the statute no basis for applying the statute to a trailway that has not received the designation.[17]

---

[17] In summary, the association has neither applied for nor achieved trailway designation; no government entity has yet accepted or indicated a willingness to accept the property proposed for the trailway, a precondition upon which designation depends; there is no apparent support among the relevant jurisdictions for the formation of the necessary "trailway management council"; there have been no public hearings to determine the extent to which the proposed trailway can satisfy such statutory requirements as those relating to public safety, designated recreation uses, and

12

Because the statute is not applicable, there is no need to determine whether it preempts the zoning authority of the township. Neither must we address alternative theories advanced by the parties and the amici curiae in support of their respective views of local zoning authority over this former rail corridor.

For these reasons, we reverse the judgments of the Court of Appeals and the circuit court, and we remand this case to the circuit court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

adequate support facilities; there have been no public hearings to determine how the proposed trailway can best minimize any adverse impact upon adjoining property owners and agriculture; and the Commission of Natural Resources has had no opportunity to determine whether there are any "other conditions" that ought to be satisfied in the course of designating the trailway.