686 N.W.2d 6 (2004)
262 Mich.App. 221
Ellen D. McGHEE, Plaintiff-Appellant,
v.
Bill Gene HELSEL, Sr., Defendant-Appellee.
Docket No. 244125.
Court of Appeals of Michigan.
Submitted May 4, 2004, at Grand Rapids.
Decided June 1, 2004, at 9:10 a.m.
Released for Publication August 5, 2004.
Keller & Keller (by S. Jack Keller, David E. Idinopulos, and Hal G. Ostrow), St. Joseph, for the plaintiff.
Straub, Seaman & Allen, P.C. (by Douglas C. Allen and Thomas F. Waggoner), St. Joseph, for the defendant.
Before: GAGE, P.J., and O'CONNELL and ZAHRA, JJ.
ZAHRA, J.
Plaintiff, who is not a Michigan resident, was involved in an automobile accident with defendant in Michigan. Plaintiff alleges that defendant's negligence caused bodily injuries that seriously impair her ability to function. The issue presented in this case is whether plaintiff, an uninsured motorist in her home state at the time of the accident, may recover noneconomic damages for her injuries under Michigan's no-fault insurance act. We hold that under the no-fault insurance act, M.C.L. § 500.3101 et seq., plaintiff's status as an uninsured nonresident motorist does not preclude her from recovering noneconomic damages. We reverse.

I. Facts and Procedure
Plaintiff is a resident of Indiana and her vehicle was registered and licensed in Indiana. On January 15, 1999, plaintiff was traveling in Michigan when she was involved in an automobile accident with defendant, a Michigan resident and a holder *7 of a Michigan no-fault automobile insurance policy. At the time of the accident, plaintiff did not maintain any type of insurance policy on her automobile. Plaintiff filed suit against defendant, alleging that defendant was at fault in the accident and that, in addition to economic damages, she was entitled to noneconomic damages because the accident caused bodily injuries that resulted in "serious impairment of body function, or permanent serious disfigurement." M.C.L. § 500.3135(1). The trial court granted summary disposition for defendant in regard to plaintiff's claim for noneconomic damages. The trial court held that the Legislature designed the no-fault act to protect those who avail themselves of the system, and it would be irrational to allow an uninsured nonresident motorist to recover noneconomic damages while the no-fault act at the same time precludes an uninsured resident motorist from recovery of such damages.[1]

II. Analysis

A. Standard of Review
We review de novo a trial court's decision to grant or deny a motion for summary disposition. Rose v. Nat'l Auction Group, 466 Mich. 453, 461, 646 N.W.2d 455 (2002). This case also presents a question of statutory interpretation, which we similarly review de novo. Bingham Twp. v. RLTD R.R. Corp., 463 Mich. 634, 641, 624 N.W.2d 725 (2001).

B. Discussion
Plaintiff argues that, as an uninsured nonresident motorist, she can recover noneconomic damages under the no-fault act. We agree. In Colucci v. McMillin, 256 Mich.App. 88, 94, 662 N.W.2d 87 (2003), this Court set forth the principles of statutory interpretation:
The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. In re MCI Telecom. Complaint, 460 Mich. 396, 411, 596 N.W.2d 164 (1999); Frankenmuth Mut. Ins. Co. v. Marlette Homes, 456 Mich. 511, 515, 573 N.W.2d 611 (1998). Initially, we review the language of the statute itself. House Speaker v. State Admin. Bd., 441 Mich. 547, 567, 495 N.W.2d 539 (1993). If the statute is unambiguous on its face, the Legislature is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permissible. Lorencz v. Ford Motor Co., 439 Mich. 370, 376, 483 N.W.2d 844 (1992).
"Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." Sun Valley Foods Co. v. Ward, 460 Mich. 230, 236, 596 N.W.2d 119 (1999). An ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation, a statute cannot be found ambiguous.
The provisions of the Michigan no-fault act at issue here are unambiguous. Under M.C.L. § 500.3135(1), a motorist can be subject to tort liability for noneconomic damages caused by his ownership, maintenance, or use of a motor vehicle if the injured person suffered death, serious impairment of body function, or permanent serious disfigurement. Plaintiff alleges that defendant's use of his motor vehicle caused her to suffer injuries that meet this *8 statutory threshold. However, noneconomic "[d]amages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred." M.C.L. § 500.3135(2)(c). Thus, the issue here is whether, at the time of the accident, plaintiff had "the security required by section 3101."
The security required by § 3101 of the no-fault act is as follows: "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." M.C.L. § 500.3101(1) (emphasis added). Because plaintiff's vehicle was not required to be registered in Michigan, M.C.L. § 500.3101 did not require plaintiff to carry no-fault automobile insurance. Under M.C.L. § 500.3102(1), a nonresident owner or registrant of a motor vehicle not registered in Michigan must maintain security if the vehicle is operated in Michigan for an aggregate of more than thirty days in any calendar year. Plaintiff did not exceed this thirty-day period. Thus, M.C.L. § 500.3135(2)(c) does not apply in this case and does not preclude plaintiff from recovering noneconomic damages.[2]
In concluding that M.C.L. § 500.3135(2)(c) precluded plaintiff from recovering noneconomic damages, the trial court stated that it is not rational to treat an uninsured nonresident motorist differently from an uninsured Michigan resident. In essence, the trial court concluded that allowing plaintiff to recover noneconomic damages in this case would lead to an absurd result. Our Supreme Court set forth an "absurd result" rule in Salas v. Clements, 399 Mich. 103, 109, 247 N.W.2d 889 (1976): "[W]e must keep in mind the fundamental rule of statutory construction that departure from the literal construction of a statute is justified when such construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question." Our Supreme Court has since criticized and substantially limited, if not eviscerated, the "absurd result" rule, agreeing "with Justice Scalia's description of such attempts to divine unexpressed and nontextual legislative intent as `nothing but an invitation to judicial lawmaking.'" People v. McIntire, 461 Mich. 147, 156 n. 2, 599 N.W.2d 102 (1999), quoting Scalia, A Matter of Interpretation: Federal Courts and the Law (New Jersey: Princeton University Press, 1997), p. 21. Thus, whether the plain meaning of a statute may be avoided because its literal application results in an absurdity remains an open question in Michigan.
What is clear after McIntire, supra, is that the literal application of a statute cannot be set aside merely because a reviewing court deems the result inequitable, unwise, or unintended. "Absurd" has been defined as "utterly or obviously senseless, illogical, or untrue; contrary to all reason or common sense; laughably foolish or false." Random House Webster's College Dictionary (1997), p. 6. A result is not absurd merely because reasonable people viewing a statute with the benefit of hindsight would conclude that the Legislature acted improvidently. Courts may not rewrite the plain language of the statute and substitute their own policy decisions for those already made by the Legislature. DiBenedetto v. West *9 Shore Hosp., 461 Mich. 394, 405, 605 N.W.2d 300 (2000).
Our application of the unambiguous language of the no-fault act leads to a result whereby it is financially safer to drive an uninsured out-of-state vehicle in Michigan than it is to drive an uninsured Michigan vehicle in Michigan. It is possible that this is not the result intended by the Legislature. Alternatively, this result may reflect an unwise legislative policy choice to ensure that uninsured nonresident motorists will not be deterred from visiting our state. However distasteful the result in this case may be to this Court, it is not an absurd result and it does not give us license to avoid applying the unambiguous language of the no-fault act.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] The parties later stipulated that plaintiff had no compensable economic loss damages, so the trial court entered an order dismissing plaintiff's case in its entirety.
[2] M.C.L. § 500.3113(c) precludes a nonresident from recovering personal protection insurance benefits for accidental bodily injury if, at the time of the accident, he was uninsured and an occupant of a motor vehicle not registered in Michigan. However, this section does not limit the recovery of noneconomic benefits.