*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAVON ALEXANDER,

      Plaintiff-Appellee,

v

MATTHEW ALAN KUBACKI,

      Defendant-Appellant,

and

BURKE E. PORTER MACHINERY COMPANY,

      Defendant.

UNPUBLISHED
May 4, 2023

No. 360100
Macomb Circuit Court
LC No. 2020-004166-NI

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

In this third-party no-fault action, defendant Matthew Alan Kubacki[1] appeals by leave granted[2] the trial court's order denying his motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

On October 17, 2019, plaintiff Shavon Alexander and defendant were involved in a motor vehicle accident on I-75. Plaintiff was driving a 2007 Lincoln; defendant was operating a 2017 Ford. Plaintiff alleges that defendant's negligent acts caused the accident.

Plaintiff has worked in Monroe, Michigan as a full-time letter carrier for the United States Postal Service since 2013. In April 2019, plaintiff injured her ankle while working and did not

---

[1] "Defendant" as used in this opinion refers to Kubacki.

[2] *Alexander v Kubacki*, unpublished order of the Court of Appeals, entered June 9, 2022 (Docket No. 360100).

-1-

return to work until September 6, 2019. The parties agree that plaintiff moved to Toledo, Ohio, in July 2019, after previously residing in Monroe. Plaintiff testified that she drove the Lincoln during her daily commute from Ohio to Michigan from September 6, 2019, until the accident on October 17, 2019. The Lincoln that plaintiff drove was titled to her stepfather, Kent Comer, and registered to Comer at his residence in Georgia. The vehicle also had a Georgia license plate and was insured by a Georgia insurance policy. Plaintiff testified that she had exclusive use of the vehicle for years preceding the accident.

Plaintiff brought a third-party action against defendant, alleging that she sustained a serious impairment of body function in the accident. Plaintiff also alleged that defendant's employer, Burke E. Porter Machinery Company, was vicariously liable for his negligence.

After discovery, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claim for noneconomic damages was barred under MCL 500.3135(2)(c) because she did not maintain Michigan no-fault insurance on the Lincoln.[3] In response, plaintiff asserted that, as a nonresident owner of the vehicle, she was not required to obtain Michigan no-fault insurance or register the vehicle in Michigan. After hearing oral argument, the trial court denied defendant's motion for summary disposition, concluding that there were material questions of fact precluding summary disposition.

## II. ANALYSIS

Defendant argues that there is no genuine issue of fact regarding whether plaintiff's claim is barred under MCL 500.3135(2)(c) because plaintiff failed to register her vehicle in Michigan and obtain Michigan no-fault insurance. We disagree.[4]

---

[3] Given that defendant claims only that plaintiff is barred from seeking noneconomic damages it would seem that the motion sought only partial summary disposition. However, the parties have referred to the motion before us as one for summary disposition. Whether that is a misnomer or plaintiff has not made a claim for excess economic losses, MCL 500.3135(3)(c), is not clear to us from the record.

[4] A trial court's decision on a motion for summary disposition is reviewed de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "Summary disposition under MCR 2.116(C)(10) is proper if there is no genuine issue about any material fact and the moving party is entitled to judgment . . . as a matter of law." *Bergen v Baker*, 264 Mich App 376, 381; 691 NW2d 770 (2004). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Questions of statutory interpretation are reviewed de novo. *Mich Muni Liability & Prop Pool v Muskegon Co Bd of Co Rd Comm'rs*, 235 Mich App 183, 189; 597 NW2d 187 (1999). The goal when interpreting statutes is to discern the Legislature's intent, the most reliable indicator of which is the statute's language. *Dep't of Transp v Outfront Media, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 357533); slip op at 4.

MCL 500.3135(2)(c) states that for claims of tort liability for noneconomic loss, "[d]amages must not be assessed in favor of a party who was operating his or her own vehicle at the time of the injury and did not have in effect for that motor vehicle the security *required by section 3101(1)* at the time the injury occurred." (Emphasis added). "Section 3101(1)" refers to MCL 500.3101(1), which states that "the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance." In other words, if a vehicle is required to be registered in Michigan, then the vehicle's owner or registrant must maintain no-fault insurance pursuant to MCL 500.3101(1).

Despite MCL 500.3135(2)(c)'s clear reference to MCL 500.3101(1), defendant argues that plaintiff's failure to comply with a different statute, MCL 500.3102(1), also triggers MCL 500.3135(2)(c)'s bar against noneconomic damages. MCL 500.3102(1) imposes a no-fault insurance requirement not based on registration requirements but on how often an out-of-state vehicle is operated in Michigan. MCL 500.3102(1) provides in full:

> A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

There is no dispute that plaintiff qualifies as a nonresident constructive owner of the Lincoln and that the vehicle was not insured by a Michigan no-fault policy. While the parties disagree whether plaintiff drove the vehicle in Michigan for more than 30 days in 2019 as a nonresident, resolution of that issues is not necessary in this case.[5] As plaintiff argues, even if she violated MCL 500.3102(1), this would not implicate MCL 500.3135(2)(c), which is premised on the party not maintaining no-fault insurance as "required by [MCL 500.3101(1)] . . . ." MCL 500.3135(2)(c).

In arguing that violation of MCL 500.3102(1) should also negate recovery of noneconomic damages under MCL 500.3135(2)(c), defendant relies on the doctrine of *in pari materia*. See *Progressive Marathon Ins Co v Pena*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358849); slip op at 4 ("[W]hen this Court construes two statutes that arguably relate to the same subject or share a common purpose, the statutes are *in pari materia* and must be read together as one law.") (quotation marks and citation omitted). That is, defendant contends that because MCL 500.3135(2)(c)'s bar on damages applies to those who fail to maintain no-fault insurance as required by MCL 500.3101(1), we should conclude that the Legislature also intended for MCL 500.3135(2)(c) to apply to those who fail to maintain no-fault insurance as required by MCL 500.3102(1). "However, the interpretive aid of the doctrine of *in pari materia* can only be utilized in a situation where the section of the statute under examination is itself ambiguous." *In re Indiana*

---

[5] The trial court denied summary disposition on the basis that there was a material question of fact as to how many days plaintiff drove the vehicle in Michigan in 2019. However, we may affirm a trial court when it reaches the correct result for different reasons. *Sabbagh v Hamilton Psychological Servs*, PLC, 329 Mich App 324, 345; 941 NW2d 685 (2019).

*Mich Power Co*, 297 Mich App 332, 343; 824 NW2d 246 (2012) (quotation marks and citation omitted). Here, MCL 500.3135(2)(c) is not ambiguous. It unequivocally applies only if the party failed to maintain no-fault insurance as required by MCL 500.3101(1). We may not read language into an unambiguous statute, *Wilmington Savings Fund Society, FSB v Clare*, 323 Mich App 678, 689; 919 NW2d 420 (2018), and we cannot insert a provision into a statute on the basis that it would have been wise of the Legislature to do so, *In re Jayuga Estate*, 312 Mich App 706, 712; 881 NW2d 487 (2015).[6]

Applying the unambiguous language of the statute, application of MCL 500.3135(2)(c) is limited to vehicles that fail to carry insurance as required by MCL 500.3101(1), and so we need not resolve whether plaintiff was required to maintain no-fault insurance under MCL 500.3102(1). Instead, this appeal turns solely on whether plaintiff's vehicle was "required to be registered in this state" such that the lack of Michigan no-fault insurance on the vehicle violated MCL 500.3101(1), and in turn, triggered MCL 500.3135(2)(c)'s bar on noneconomic damages.

Under the Michigan Vehicle Code (MVC), MCL 257.1 *et seq*., "every motor vehicle . . . when driven or moved on a street or highway, is subject to the registration and certificate of title provisions of this act." MCL 257.216(1). But, nonresidents who own a motor vehicle registered in another state are generally exempt from Michigan registration requirements pursuant to MCL 257.243(1), which provides:

> A nonresident owner, except as otherwise provided in this section, owning any foreign vehicle of a type otherwise subject to registration under this act may operate or permit the operation of the vehicle within this state without registering the vehicle in, or paying any fees to, this state if the vehicle at all times when operated in this state is duly registered in, and displays upon it a valid registration certificate and registration plate or plates issued for the vehicle in the place of residence of the owner.

Plaintiff argues that her vehicle was exempt from Michigan registration under this statute because her stepfather, i.e., "a nonresident owner" of the vehicle, permitted her to operate the

---

[6] Defendant argues that in *McGhee v Helsel*, 262 Mich App 221; 686 NW2d 6 (2004), this Court determined that a violation of MCL 500.3102(1) negated tort recovery under MCL 500.3135(2)(c). In that case, however, the plaintiff did not exceed the thirty-day period described in MCL 500.3102(1). *Id*. at 225. Thus, to the degree that opinion can be read as indicating that MCL 500.3135(2)(c) would apply had there been a violation of MCL 500.3102(1) it would be nonbinding dicta as that issue was not necessary to the resolution of the appeal. *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 557-558; 741 NW2d 549 (2007) ("It is a well-settled rule that statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication" and are "not binding on this Court."). Moreover, the *McGhee* Court discussed the fact that under the plain language of MCL 500.3135(2) "it is financially safer to drive an uninsured out-of-state vehicle in Michigan than it is to drive an uninsured vehicle in Michigan." *McGhee*, 262 Mich App at 227. It noted that such a result, though arguably distasteful, was "not an absurd result and it does not give us license to avoid applying the unambiguous language of the no-fault act." *Id*.

vehicle in Michigan and at all times the vehicle displayed a Georgia license plate and was registered in Georgia, i.e., her stepfather's place of residence. Defendant, on the other hand, argues that plaintiff is the applicable owner of the vehicle for purposes of MCL 257.243(1) and that she failed to comply with this statute because the vehicle was not registered in Ohio and did not have an Ohio license plate.

Defendant fails to persuasively explain, however, why plaintiff is the only vehicle owner who may comply with MCL 257.243(1). A vehicle may have more than one owner under the MVC. See *Laskowski v State Farm Mut Auto Ins Co*, 171 Mich App 317, 321; 429 NW2d 887 (1988). Plaintiff's stepfather is the titled owner of the vehicle, MCL 257.37(b), and plaintiff is considered a constructive owner because she had exclusive use of the vehicle for a period greater than 30 days, MCL 257.37(a). MCL 257.243(1) recognizes that a vehicle may have more than one owner by referring to "a nonresident owner" that may permit operation of a vehicle in Michigan. See *Kilian v TCF Nat'l Bank*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358761); slip op at 4-5 ("[T]he word 'a' is an indefinite article" and "has general application," as opposed to "the word 'the' that refers to a specific thing.") (quotation marks and citation omitted). Accordingly, we conclude that MCL 257.243(1) is not limited to any particular owner.

While plaintiff does not satisfy MCL 257.243(1), her stepfather does under a straightforward application of the statute. Again, he is "a nonresident owner" of the vehicle who has permitted operation of the vehicle in Michigan. The remaining requirements are that the vehicle be "duly registered in, and displays upon it a valid registration certificate and registration plate or plates issued for the vehicle in the place *of residence of the owner*." MCL 257.243(1) (emphasis added). "The owner" refers back to whatever particular "nonresident owner" of the vehicle that the statute is being applied to. With respect to plaintiff's stepfather, the vehicle complied with MCL 257.243(1)'s remaining requirements because it had a Georgia license plate and was registered in Georgia. Thus, plaintiff's vehicle was generally exempt from registration under MCL 257.243(1).

Defendant nonetheless maintains that plaintiff was required to register the vehicle in Michigan under MCL 257.243(4), which provides that "[a] nonresident owner of a pleasure vehicle otherwise subject to registration under this act shall not operate the vehicle for a period exceeding 90 days without securing registration in this state." We will assume without deciding for purposes of this appeal that plaintiff's vehicle constitutes a "pleasure vehicle." However, we conclude that there is insufficient evidence to establish that plaintiff used the vehicle in Michigan for a period exceeding 90 days while she was a nonresident. The parties agree that plaintiff became a nonresident when she moved to Ohio in July 2019. She began commuting five days per week to her job at the post office in Michigan on September 6, 2019, after being on leave because of a work injury. While plaintiff had continuous use of the vehicle and testified that she drove the vehicle to and from work in Michigan from September 2019 until the accident in October 2019, it is undisputed that this period was less than 90 days.

Recognizing this, defendant argues that the days when plaintiff drove the vehicle in Michigan earlier in 2019—while she was a Michigan resident—should count toward the 90-day registration requirement under MCL 257.243(4). This argument is unpersuasive. Again, MCL 257.243(4)'s registration requirement applies when a "nonresident owner . . . operate[s] the vehicle for a period exceeding 90 days . . . ." When plaintiff lived in Michigan in the beginning

of 2019, she simply was not a "nonresident owner" of the vehicle, and this statute has no application regarding this time period.

Defendant also argues that because plaintiff sometimes drove to Michigan for reasons other than work, e.g., medical appointments and family visits, that those days should be counted toward the 90 days regardless of when they occurred. This argument is premised on defendant's interpretation that "a period exceeding 90 days" as used in MCL 257.243(4) does not require operation of the vehicle in Michigan over a single continuous 90-day period but only that the nonresident owner use the vehicle in Michigan for 90 days total, even if those days are not continuous. We disagree. The term "period" in reference to time generally refers to a continuous period. *NLRB v Hudson Motor Car Co*, 136 F2d 385, 387 (CA 6, 1943). That the Legislature intended this meaning of "a period" in MCL 257.243(4) is demonstrated by another provision of the MVC:

> (12) The secretary of state, upon determining after an examination that an applicant is mentally and physically qualified to receive a license, may issue the applicant a temporary driver's permit. The temporary driver's permit entitles the applicant, while having the permit in his or her immediate possession, to operate a motor vehicle upon the highway *for a period not exceeding 60 days* before the secretary of state has issued the applicant an operator's or chauffeur's license. The secretary of state may establish a longer duration for the validity of a temporary driver's permit if necessary to accommodate the process of obtaining a background check that is required for an applicant by federal law. [MCL 257.310 (emphasis added).]

The phrase "a period not exceeding 60 days" in MCL 257.310(12) is substantially similar to the phrase "for a period exceeding 90 days" used in MCL 257.243(4). Yet no one would seriously argue that MCL 257.310(12) means that someone may use a temporary driver's permit for a total of 60 days, regardless of when those days occur. Rather, the temporary driver's permit plainly allows the applicant to operate vehicles in Michigan over the course of a continuous 60-day period from issuance. Applying this common-sense interpretation to MCL 257.243(4), the registration requirement applies when a nonresident owner operates a "pleasure vehicle" in Michigan for a continuous 90-day period.[7] We find no basis to conclude that the Legislature intended that "a period exceeding 90 days" could occur over many discontinuous months or years.

In sum, MCL 500.3135(2)(c) applies if the party seeking noneconomic damages failed to maintain no-fault insurance as required by MCL 500.3101(1), which applies only if the vehicle

---

[7] This is consistent with the analysis in *Tienda v Integon Nat'l Ins Co*, 300 Mich App 605, 620 n 3; 834 NW2d 908 (2013), which explained, in construing MCL 500.3102(2), that "for people who travel to Michigan for, as here, three to four months out of each year for agricultural work or other reasons, they must carry no-fault insurance coverage as a matter of law . . . ." While not necessary to our decision, it seems more likely that the requirement nonresidents register their vehicle in Michigan after 90 days was directed toward out-of-state residents who spend the summer at a Michigan cottage rather than those who commute five days per week across the Michigan-Ohio border for employment, but whose vehicle remains garaged in Ohio.

was required to be registered in Michigan. Plaintiff, an Ohio resident, was generally exempt from registration under MCL 257.243(1), and defendant has not established that plaintiff was required to register the vehicle under MCL 257.243(4) or any other statutory provision. Therefore, we affirm the trial court's decision to deny defendant's motion for summary disposition.

Affirmed. Plaintiff may tax costs as the prevailing party. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ James Robert Redford
/s/ Christopher P. Yates